UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

YENNY FERNANDA GONZALEZ RODRIGUEZ,

Petitioner,

v.

CHRISTOPHER J. LAROSE, et al.,

Respondents.

Case No.: 3:26-cv-3729-CAB-DEB

**ORDER:**

**(1) GRANTING A WRIT OF HABEAS CORPUS; and**

**(2) DENYING AS MOOT MOTION FOR TO APPOINT COUNSEL AND MOTION FOR TEMPORARY RESTRAINING ORDER, [Doc. Nos. 2–3.]**

Pending before the Court is Petitioner Yenny Fernanda Gonzalez Rodriguez's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 9 ("Petition").] Petitioner alleges that she entered the United States in August 2022, surrendered herself to the Border Patrol, and was released on parole nine days later. [Petition at 3.] She further alleges she was detained on March 4, 2026 when she arrived at an Immigration and Customs Enforcement ("ICE") field office as instructed. [*Id.* at 3, 5.] Petitioner claims that her re-detention violates the Due Process Clause of the Fifth Amendment. [*Id.* at 14.]

Respondents do not contest any of Petitioner's asserted facts. [Doc. No. 10.] Nor do they make any legal arguments against her Fifth Amendment claims. Indeed, they acknowledge that "Petitioner was previously released from immigration custody on conditional parole[.]" [*Id.* at 2.] Though they argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225, Respondents acknowledge that courts have held otherwise and therefore "do[] not oppose the [P]etition and defer[] to the Court on the appropriate relief." [*Id.* at 3.]

The Court therefore **GRANTS** a writ of habeas corpus based on the reasoning the Court has articulated in similar cases. *E.g.*, *Tokhi v. LaRose, et al.*, Case No. 3:26-cv-0803-CAB-VET (S.D. Cal. Feb 19, 2026). Respondents are **ORDERED** to immediately release Petitioner Yenny Fernanda Gonzalez Rodriguez under the same conditions of release that existed immediately prior to her most recent re-detention.

The Court therefore **DENIES AS MOOT** the motion to appoint counsel, [Doc. No. 2], and the motion for a temporary restraining order, [Doc. No. 3].

<u>The Clerk of the Court shall close the case.</u>

It is **SO ORDERED**.

Dated: August 6, 2026

Hon. Cathy Ann Bencivengo
United States District Judge